Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7846 | **DATE** | 3/31/2004 |
| **CASE TITLE** | Wingate vs. Birkett | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motions to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons in the attached opinion, Defendants' Motions to Dismiss Plaintiff's Complaint [Docs. 19, 26, 29] are granted; Defendant Birkett's Motion to Strike [Doc. 20] is denied; Defendant Birkett's Motion for Sanctions [Doc. 21] is granted. Plaintiff Mark Sato is ordered to pay sanctions in the amount of $1,000.00 to the Clerk of the Court. The Complaint is dismissed in its entirety. Defendants to file their bills of costs and fees within 14 days of this order; Plaintiffs have 30 days from the filing of the bills of costs to file objections thereto. This case is CLOSED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 31 2004 | |
| ✓ | Docketing to mail notices. | date docketed | 34 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| jar(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY WINGATE, et al., ) | |
| ) | No. 02 C 7846 |
| Plaintiffs, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| JOSEPH E. BIRKETT, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAR 31 2004

## MEMORANDUM OPINION AND ORDER

This is a multi-defendant case originally brought by three plaintiffs: Timothy Wesley Wingate ("Wingate"), Mark Sato ("Sato"), and Mark Enoch Sato ("Enoch Sato"). Wingate, Sato, and Enoch Sato filed their Complaint in November 2002 against several Illinois municipalities and officers of the State of Illinois. On June 5, 2003, the Court dismissed Plaintiff Sato from the Complaint and struck all allegations therein that were specific to him in keeping with prior litigation sanctions. See Skolnick, Sato & Andreuccetti v. Doria, No. 94-3238, Order of April 4, 1997 (7th Cir. 1997); Sato v. Plunkett, 94 C 60, Order of May 2, 1994 (N.D. Ill. 1994) (Easterbrook, J.); id., Order of March 15, 1994 (N.D. Ill. 1994); Sato v. Kwasny, 1993 U.S. District Lexis 15693 (N.D. Ill., Nov. 5, 1993).

The case comes now before the Court on several Motions filed by the Defendants. Motions to Dismiss Plaintiff's Complaint for failure to state a claim have been filed by the Defendant City of Elgin; Defendant Village of Hanover Park; and Defendant City of Elmhurst. Defendant City of Elmhurst has also moved to dismiss Plaintiffs' Complaint for

1

34

failure to provide effective service of process. Defendant Joseph Birkett has filed a Motion to Strike Plaintiff's Complaint under Rule 12(f) of the Federal Rules of Civil Procedure and a Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs received permission from the Court to file a consolidated response to these motions. The motions are all fully briefed and ripe for decision.

I. MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well pleaded allegations as true. In addition, the Court must view these allegations in the light most favorable to the plaintiff." Gomez v. Illinois State Board of Education, 811 F.2d 1030, 1039 (7th Cir.1987). A party's claim should only be dismissed if it is clear that no set of facts in support of the claim would entitle the party to relief. Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir.1997) (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984)).

Plaintiffs' Complaint is inscrutable. The Complaint first alleges that this Court is not organized under Article III of the Constitution. (Pl. Comp. at 6-8). It asserts that the District Court "is a political and constitutional oxymoron." (Pl. Comp. at 14). It goes on to blankly assert violations of the following of Plaintiffs' rights: Plaintiffs' right to freedom of speech under the First Amendment (Pl. Comp. at 9); Plaintiffs' "innumerable rights under the 9th and 10th Amendments dependent upon the right to travel" (id.); Plaintiffs' "4th Amendment right of sanctity of home and/or person against unwarranted search and/or seizure"(id.); Plaintiffs' "common law right to pursuit of happiness free from unlawful interference" (id.); Plaintiffs'"common law right to due process" (id.); Plaintiffs'"right to have public servants

2

obey public policy constraints" (id. at 9-10); Plaintiffs'"right to the protections of the separation of powers doctrine" (id. at 10); and Plaintiffs' right to religious liberty (id.). Few, if any, of these allegations are supported with any specific factual allegation in the Complaint.

The Court can find (with some difficulty) the following factual allegations in Plaintiffs' Complaint. Wingate is a founding participant of an organization known as the American Rights Movement, or ARM. Wingate organized ARM in January or February 2001 "for the purpose of articulating [Wingate's] political vies and to exercise his right of association with like-minded persons." (Pl. Comp. at 19). Wingate, through ARM, became involved in efforts to expose alleged political corruption in the State's Attorneys Office in early 2002. In July 2002, Elmhurst Police "trumped up a charge" against Wingate's daughter Anne. (Pl. Comp. at 22).

Several years earlier, in 1996, Wingate was issued a traffic citation for driving while his driver's license was suspended. The case number assigned to the incident was 96 TR 148974. When Wingate refused to identify himself to the Court, a bench warrant issued for his arrest. The Complaint alleges that this bench warrant imposed "the artificial status of 'driver'" upon Wingate and justified "restraint of his liberty." (Pl. Comp. at 22).

As regards Enoch Sato, the Complaint alleges that Defendants have all been using Enoch Sato "as a means of applying extortionate leverage" against Sato to "cease and desist in his campaign to expose the criminality" in the State's Attorneys Office. (Pl. Comp. at 23). The Defendants allegedly conspired to "inveigle Enoch Sato in the Traffic Court Enterprise." (Id.) Defendants have also "falsely imposed upon Enoch Sato the status of 'driver' . . . as a means of blackmailing his father [Sato]."(Id. at 24). Enoch Sato has apparently been twice issued traffic

3

citations by agents of the City of Elgin, and his cases have been assigned numbers 01 TR 41259 and 01 TR 7443.

The Complaint proceeds to allege that the Illinois Traffic Courts provide support "for a specific religious sect, namely, the Masons." (Id. at 26). From there, the Complaint descends even deeper into a bizarre conspiracy theory that does not merit reproduction.

One general background assumption of Plaintiffs' Complaint is that the traffic courts in Illinois operate illegally and are ultra vires. The Illinois Motor Vehicle Code authorizes municipal corporations to adopt and enforce any or all of the Motor Vehicle Code. 625 I.L.C.S. 5/20-204. Consequently, the traffic courts in Elgin, Elmhurst, and Hanover Park are all legitimate entities under state law.

This Complaint does not state a claim upon which relief could be granted as to any of the Defendants it names. The most coherent theory that the Court could draw from this Complaint is that Wingate and Enoch Sato are being harrassed on the basis of the exercise of their First Amendment rights. As to Wingate, the right would be freedom of speech in association with his political activities in ARM. As to Enoch Sato (who is not alleged to be a participant in ARM), it is unclear what the unconstitutional basis for the harrassment would be.

For either Plaintiff, the Complaint does not allege any specific relationship between their traffic arrests (or their daughter's traffic arrests, as in Wingate's case) and Wingate's political activities in ARM. Based on a fair and thorough reading of Plaintiffs' Complaint, it does not state a claim upon which relief may be granted. The conclusory allegations of conspiracy in this case are not sufficient to provide fair notice to any of the Defendants that

4

have been haled into court under this Complaint. The Complaint will be dismissed in its entirety.[1]

## II. DEFENDANT BIRKETT'S MOTION TO STRIKE

Defendant Birkett's Motion to Strike Plaintiffs' Complaint under Rule 12(f) of the Federal Rules of Civil Procedure is based entirely on former Plaintiff Sato's history of frivolous litigation and disobedience to orders of this Court. As the Court has already stricken the allegations from the Complaint that relate to him, the question arises whether Sato's past and present misconduct justifies striking the Complaint in its entirety. The Court does not find that the relationship between Sato and the other two Plaintiffs justifies striking the entire Complaint. There has been no showing that Plaintiffs Wingate and Enoch Sato have engaged in the same type of frivolous and vexatious litigation that Plaintiff Sato has plagued upon this Court over the years. Consequently, Defendant Birkett's Motion to Strike is denied.

## III. SANCTIONS

This leaves only the matter of the Defendants' requests for sanctions. Defendant Birkett filed a separate Motion for Sanctions, while Defendants City of Elgin and Village of Elmhurst included their requests for sanctions in their Motions to Dismiss. Rule 11 of the

---

[1] Defendant City of Elmhurst's Motion to Dismiss for failure to effect proper service pursuant to Federal Rule of Civil Procedure 12(b)(5) is also well-founded. Rule 4(j) of the Federal Rules of Civil Procedure sets forth in plain and clear terms the rules for service on a municipal corporation, and Plaintiffs clearly did not comply with the requirements of the rule. As Plaintiffs have offered no valid reason to permit them to skirt the process service requirements set forth in Rule 4, if the Court were not dismissing the Complaint in its entirety, the Complaint would be dismissed against the Defendant City of Elmhurst for failure to effect proper service.

5

Federal Rules of Civil Procedure authorizes sanctions for improper litigation practices. Rule 11(b)(1) forbids parties from presenting motions "for any improper purpose, such as to harrass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11(b)(2) requires parties' claims to be "warranted by existing law or by nonfrivolous arguments for extension, modification, or reversal of existing law." Rule 11(b)(3) requires the allegations to have evidentiary support or be likely to have evidentiary support after discovery. In this case, the Court finds that the Plaintiffs' Complaint violated the requirements of Rule 11(b)(2) & (3). The claims in Plaintiffs' Complaint, particularly as relates to the jurisdiction of this Court and the traffic courts of Illinois, were not warranted by existing law or a nonfrivolous argument for a change in the law; and the allegations of Plaintiff's Complaint are so far-fetched that the likelihood of their having evidentiary support approaches zero.

Former Plaintiff Sato has demonstrated a surprising resiliency in the face of severe sanctions that have been meted to him in the past. Between this Court and the Seventh Circuit, Sato has been ordered to pay sanctions of over $10,000 before filing another case in this Court. His participation in this frivolous action demonstrates anew his unmitigated gall in flaunting the past sanctions of this Court. This Court orders Plaintiff Sato to pay sanctions in the amount of $1,000.00 payable to the Clerk of this Court for the benefit of the United States. Because past history suggests that it is unlikely that Sato will pay this amount, it will be added to the previous sanctions imposed, and he is barred from filing another case until this sanction (as well as the previously imposed amounts) is paid.

While Plaintiffs Wingate and Enoch Sato do not have the same history of vexatious

6

and baseless litigation in this Court as Sato, they are not without culpability in Sato's flagrant disregard of this Court's prior sanctions. The Court hopes that an award of costs and reasonable attorney's fees against all three Plaintiffs should be sufficient to deter Wingate and Enoch Sato from participating in Sato's litigation abuses in the future.

## CONCLUSION

For the reasons set forth in this opinion, the Plaintiffs' Complaint is dismissed for failure to state a claim upon which relief can be granted; Plaintiff Sato is ordered to pay a sanction of $1,000.00; and the Plaintiffs, jointly and severally, will be required to pay the Defendants' reasonable attorneys fees and costs associated with this action. Defendants shall file a bill of costs and fees within 14 days of the date of this order. Plaintiffs shall have 30 days from the date of filing of the bill of costs and fees to file any objections thereto.

Enter:

_____
David H. Coar
United States District Judge

Dated: March 31, 2004